1  LAW OFFICE OF MARGARET A. SEDY
   Margaret Sedy (CA Bar No. 299454)
2  9171 Wilshire Boulevard, Suite 500
   Los Angeles, CA 90210
3  Telephone: 310.893.5509
   Email: m@sedylaw.com

4  THE CASSAR LAW FIRM, P.C.
   Christopher J. Cassar, Esq.
5  13 East Carver Street
   Huntington, New York 11743
6  Telephone: 631.271.6596
   Email: cjcassar@cassarlaw.com
7  *PRO HAC VICE APPLICATION PENDING*

8  Attorneys for Plaintiff,
   EMPIRE WORLDWIDE LOGISTICS, LLC,
9  a California limited liability company

10

11 **UNITED STATES DISTRICT COURT**

12 **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

13

| | |
|---|---|
| EMPIRE WORLDWIDE LOGISTICS, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> ALEX L. GLIK, an individual; LA FURNITURE WAREHOUSE, LLC, a California limited liability company; LA FURNITURE WAREHOUSE, LLC, a California limited liability company doing business as GLOBAL UNITED FURNITURE; GLOBAL UNITED FURNITURE, INC., a California Corporation (CA Business Entity No. C3911460); GLOBAL UNITED FURNITURE, INC., a California Corporation (CA Business Entity No. C4841899); WARVALE TRUCKING, INC., a California corporation; and GIL CHOI, an individual, <br><br> Defendants. | Case No. 5:23-cv-02068 <br><br> **COMPLAINT FOR:** <br><br> 1) **BREACH OF CONTRACT** <br> 2) **QUANTRUM MERUIT/SERVICES RENDERED** <br> 3) **ACCOUNT STATED** <br> 4) **UNPAID FRIEGHT AND CHARGES – SHIPPING ACT OF 1984 (46 U.S.C.A. § § 40101 et seq.)** <br> 5) **UNJUST ENRICHMENT** <br> 6) **FRAUDULENT CONVEYENACE (Cal. Civ. Code § 3439, et. seq.)** <br> 7) **BREACH OF CONTRACT** <br> 8) **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS** <br><br> **DEMAND FOR JURY TRIAL** |

1
**COMPLAINT**

By and through its undersigned counsel, Plaintiff, EMPIRE WORLDWIDE LOGISTICS, LLC, a California limited liability company, complaining of the Defendants herein, respectfully show the Court and alleges:

**PRELIMINARY STATEMENT**

1. This is a civil action in which the Plaintiff, EMPIRE WORLDWIDE LOGISTICS, LLC, seeks relief for breach of contract and other causes of action against a *de facto* single business entity purporting to operate as three related/interrelated companies, by which a transportation company seeks to be paid for ocean freight and charges incurred for the benefit of Defendants in exchange for the transportation of the Defendants' goods.

**JURISDICTION**

2. The matters herein alleged constitute an admiralty and maritime claim within the jurisdiction of this United States District Court and seeks recovery for unpaid ocean freight fees and associated charges pursuant to ocean bills of lading, tariff and/or service contracts, and therefore comprises an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1331 in that it arises under the Shipping Act of 1984, as amended, 46 U.S.C. §§ 40101 et seq.

**VENUE**

3. Venue herein is proper for the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 (a), (b), (c) and (d).

4. The Defendants reside in the Central District of California.

5. A substantial part of the events or omissions giving rise to this claim occurred, or a substantial part of property that is the subject of the action is situated within the Central District of California.

\\
\\

## PARTIES

6. At all times herein mentioned, the Plaintiff, EMPIRE WORLDWIDE LOGISTICS, LLC, was a limited liability corporation with a place of business located at 360 N Pacific Coast Highway, Suite 1054, El Segundo, 90245, Los Angeles County, in the State of California.

7. At all times hereinafter mentioned, the Plaintiff, EMPIRE WORLDWIDE LOGISTICS, LLC, was a Non-Vessel-Operating Common Carrier (NVOCC) who performs all services of an ocean carrier with the exception of operating the vessels. As a NVOCC, the Plaintiff issues its own bill of lading (typically referred to as a House Bill of Lading, hereafter "HBL") that contains virtually the same data fields as the corresponding Master Bill of Lading issued by the vessel operator, each serving as a contract of carriage, but for different parties. The Master Bill of Lading is a contract issued by the ocean carrier that is between the NVOCC and their agent (at origin or destination), while the HBL is the contract of carriage issued by the NVOCC between the actual shipper and actual consignee. Licensed by the Federal Maritime Commission, NVOCC's buys services from ocean carriers, and through issuance of their HBL with appropriate rate filings, can mark-up freight costs as they resell these services to their clients.

8. At all times hereinafter mentioned, the Plaintiff, EMPIRE WORLDWIDE LOGISTICS, LLC, was a NVOCC which contracted with ocean carriers and common carriers of goods for hire between both Asian and USA Seaports, and properly filed a schedule of tariffs, of the transportation of goods and the type of good between the ports or areas as hereinafter alleged.

9. Upon information and belief, at all times herein mentioned, the Defendant, LA FURNITURE WAREHOUSE, LLC, was and is a California limited liability company under the laws of California with a place of business located at 1710 East Cedar Street, Ontario, CA 91761.

1    10.    Upon information and belief, at all times herein mentioned, the Defendant, LA FURNITURE WAREHOUSE, LLC, a California limited liability company doing business as GLOBAL UNITED FURNITURE, was and is a domestic limited liability company under the laws of California with a place of business located at 1710 East Cedar Street, Ontario, CA 91761.

11.    Upon information and belief, at all times herein mentioned, the Defendant, GLOBAL UNITED FURNITURE, INC., a California Corporation is the business trade name of LAFurniture, and/or is a domestic corporation incorporated under the laws of California, with its principal place of business in Ontario, California and engaged in the same business as LA Furniture. Its business entity number is C3911460, and its registration date with the California Secretary of State is May 25, 2016. It is presently inactive and suspended from by the California Franchise Tax Board.

12.    Upon information and belief, at all times herein mentioned, the Defendant, GLOBAL UNITED FURNITURE, INC., a California Corporation (hereinafter referred to as "GUF II") is a second company with the identical name as the previously named defendant and engaged in the same business as the prior two Defendants with a place of business located at 1710 East Cedar Street, Ontario, CA 91761. This company was registered on February 1, 2022 with the California Secretary of State, business entity number C4841899. Upon information and belief, GUF II also does business in the Central District under the fictitious business name GLOBAL UNITED FURNITURE.

13.    At all times herein mentioned, the Defendant, ALEX L. GLIK, was and still is, a resident of the State of California, County of Los Angeles.

14.    At all times hereinafter mentioned, the Defendant ALEX L. GLIK, is the owner of the Defendants, LA FURNITURE WAREHOUSE, LLC, LA FURNITURE WAREHOUSE, LLC, a California limited liability company doing business as

1  GLOBAL UNITED FURNITURE, GLOBAL UNITED FURNITURE, INC., and
2  GUF II.
3     15.   At all times hereinafter mentioned, the Defendant, ALEX L. GLIK, is
4  employed with the Defendants, LA FURNITURE WAREHOUSE, LLC, LA
5  FURNITURE WAREHOUSE, LLC, a California limited liability company doing
6  business as GLOBAL UNITED FURNITURE, GLOBAL UNITED FURNITURE,
7  INC., and GUF II.
8     16.   At all times hereinafter mentioned, the Defendant, ALEX L. GLIK,
9  negotiated the agreements with the Defendants, LA FURNITURE WAREHOUSE,
10 LLC, LA FURNITURE WAREHOUSE, LLC, a California limited liability company
11 doing business as GLOBAL UNITED FURNITURE, GLOBAL UNITED
12 FURNITURE, INC., and GUF II, and the Plaintiff.
13     17.   Upon information and belief, at all times herein mentioned, the
14 Defendant, WARVALE TRUCKING, INC. (hereinafter "WARVALE"), was and is a
15 domestic corporation under the laws of California with a place of business located
16 1100 Wright Road, Lynwood, CA 90262.
17     18.   Upon information and belief, at all times herein mentioned, the
18 Defendant, WARVALE, at currently describes itself as a full service transportation
19 company that can arrange services for shipment across the United States and provides
20 dryage services which means it specialize in retrieving containers from the ports with
21 exclusively service Long Beach and Los Angeles ports.
22     19.   At all times herein mentioned, the Defendant, GIL CHOI (hereinafter
23 "CHOI"), was and still is a resident of the State of California residing at 5585 East
24 Pacific Coast Highway, Unit 122, Long Beach, CA 90804 and was an independent
25 salesman for the Plaintiff.
26                    **FACTUAL ALLEGATIONS**
27     20.   At all times hereinafter mentioned, the Defendants, ALEX L. GLIK,
28

5
**COMPLAINT**

1  LA FURNITURE WAREHOUSE, LLC, LA FURNITURE WAREHOUSE, LLC
2  doing business as GLOBAL UNITED FURNITURE, GLOBAL UNITED
3  FURNITURE, INC., and GUF II (hereinafter collectively referred to as the **"GLIK**
4  **DEFENDANTS"**), contracted with the Plaintiff for international carriage of goods by
5  sea and delivered to the Port at Long Beach, California.

6      21. Between December 6, 2022 and May 26, 2023, Plaintiff did provide for
7  international carriage of goods by sea and delivered to the Port at Long Beach,
8  California for the GLIK DEFENDANTS.

9      22. The GLIK DEFENDANTS have refused to pay the Plaintiff the costs of
10 the freight and charges pursuant to the contract.

11     23. In addition, GUF II appears to have been registered concurrently with the
12 GLIK DEFENDANTS' decision to claim they are "no longer operating," and without
13 any notice to Plaintiff as a creditor of any dissolution, wind-down or insolvency
14 proceeding of the predecessor company of that same name. Upon information and
15 belief, if GUF II is a separate corporate entity at all, it is merely a continuation of the
16 business of the other GLIK DEFENDANTS and liable as a successor thereto.

17     24. Adherence to the fiction of separate existence(s), if any, of the
18 corporations named as the GLIK DEFENDANTS herein would, under the particular
19 circumstances, sanction a fraud and/or promote injustice. Upon information and
20 belief, at all times herein mentioned, the GLICK DEFENDANTS, and each of them,
21 acted without corporate separateness and in bad faith in failing to apply and/or comply
22 with the laws of California and the United States as alleged herein. As such corporate
23 separateness was and is illusory and not real.

24     25. Plaintiff accordingly alleges the separateness of each of the GLIK
25 DEFENDANTS, not to be recognized to avoid probable fraud, confusion and/or
26 injustice to the Plaintiff.

27
28

26. The GLIK DEFENDANTS should be jointly and severally liable to the Plaintiff for all claims, fines, penalties, damages, costs and other amounts, which may be incurred or imposed upon Plaintiff by reason of any breach by the GLIK DEFENDANTS of any of the provisions of this HBL or of any statutory or regulatory requirements. Thus, the GLIK DEFENDANTS shall be jointly and severally liable to the Plaintiff for the payment of all freight, demurrage, General Average and other charges, including but not limited to court costs, expenses and reasonable attorney's fees incurred in collecting sums due the Plaintiff.

27. Under the Shipping Act of 1984, 46 U.S.CA §§ 40101 et seq., the Plaintiff is under legal compulsion to collect the entire freight and other charges set forth in its tariff. Failure on the part of the Plaintiff to collect the entire amount may subject it to severe penalties.

28. The GLIK DEFENDANTS are in violation of the Shipping Act by their failure to pay the full freight charges as set forth in the Plaintiffs tariff.

29. Upon information and belief, the Plaintiff alleges that the GLIK DEFENDANTS are authorized to do business in the State of California, with a common place of business located at 1710 East Cedar Street, Ontario, CA 91761.

30. Upon information and belief, the GLIK DEFENDANTS were the agents and employees of each other, and in the commission of the acts herein mentioned, were acting in the scope of this authority as such agents and employees and with the permission and consent of each and one another.

31. The Plaintiff believes and so alleges that there exists, and always herein mentioned has existed, a unity of interest and ownership between and among all of the GLIK DEFENDANTS such that any individuality and separateness between and among all or any of the GLIK DEFENDANTS herein have ended, or never existed at any material time, and each of the GLIK DEFENDANTS is the alter ego of each other GLIK DEFENDANT herein. Adherence to the fiction of separate

1    existence between and among the GLIK DEFENDANTS business entities would
2    allow and constitute an abuse of the corporate privilege and would promote injustice.
3        32.    At all times mentioned herein the defendant, WARVALE TRUCKING,
4    INC., contracted with the Plaintiff to provide full service transportation services for
5    shipment and drayage services for the goods which the Plaintiff delivered to the Port
6    at Long Beach, California on behave of the GLIK DEFENDANTS. These are the
7    same goods that the GLIK DEFENDANTS refused to pay the Plaintiff for its services.
8        33.    On or about May 31, 2023, the Defendant, WARVALE, contracted with
9    the Plaintiff not to release the goods to the GLIK DEFENDANTS, without the
10   consent of the Plaintiff.
11       34.    At all times relevant to the facts giving rise to the instant lawsuit,
12   Defendant CHOI was engaged by Plaintiff as a salesperson on an independent
13   contractor basis.  CHOI had a previous business relationship with the GLIK
14   DEFENDANTS, and in CHOI'S role as salesperson for Plaintiff, CHOI referred the
15   GLIK DEFENDANTS – specifically LA FURNITURE, LLC – to Plaintiff.  As an
16   independent contractor, the GLIK DEFENDANTS were considered CHOI's
17   "account" with respect to CHOI's sale services vis-à-vis Plaintiff.
18       35.    In addition to referring potential clients to Plaintiff, CHOI regularly
19   recommended and referred trucking/ground shipping and dryage companies to
20   Plaintiff for dryage and delivery services of containers on behalf of its clients,
21   including the GLIK DEFENDANTS.
22       36.    Shortly after Plaintiff and the GLIK DEFENDANTS entered into the
23   contract for the international carriage of goods by sea, CHOI referred non-party
24   trucking company RDS to Plaintiff so that Plaintiff and RDS could contract with one
25   another for RDS to deliver Plaintiff's client's goods to them via ground transportation.
26   The GLIK DEFENDANTS were one of Plaintiff's clients that RDS performed such
27   services pursuant to RDS and Plaintiff's contract.
28

8
**COMPLAINT**

37. However, Plaintiff consistently had billing issues with non-party RDS – which were caused by and never rectified by CHOI – and ultimately led to RDS terminating its business relationship with Plaintiff, refusing to continue doing further business with them, while also recognizing and acknowledging to Plaintiff that they (RDS) knew it was not "Empire" causing the billing issues and RDS's failure to receive payment, but rather, knew it was due to CHOI's refusal to ever rectify the billing issues.

38. As of the date that RDS terminated its business relationship with Plaintiff, RDS had already delivered eight (8) out of the ten (10) containers to the GLIK DEFENDANTS.

39. As a result of Plaintiff loosing RDS as a vendor for dryage and ground transportation delivery of the containers of goods it obtained on behalf of client's via contracts for international carriage of goods, CHOI again recommended and referred another trucking company to Plaintiff – Defendant WARVALE.

40. As of the date that Plaintiff contracted with WARVALE to deliver the GLIK DEFENDANTS' remaining two (2) containers, the GLIK DEFENDANTS still owed Plaintiff freight charges and service fees for the previously delivered eight (8) containers. Despite Plaintiff demanding payment, the GLIK DEFENDANTS did not, and to date, have not paid the fees owed on those eight delivered (8) containers.

41. As a result, when Plaintiff contracted with WARVALE to deliver the remaining two (2) containers, Plaintiff conditioned said deliveries on the GLIK DEFENDANTS paying "Cash on Delivery" or "COD". This agreement was specifically between Plaintiff, on the one hand, and WARVALE, on the other.

42. WARVALE made multiple attempts to deliver the two (2) containers to the GLIK DEFENDANTS, but each time an attempt was made, the GLIK DEFENDANTS did not have the money to pay for receipt of the two (2) containers –

which contained the goods Plaintiff had ensured arrived to the Long Beach Port in California from oversees.

43. WARVALE, being unable to deliver the two (2) containers because the GLIK DEFENDANTS could not or would not pay cash on delivery, WARVALE became increasingly impatient, complaining they needed to deliver the containers to the GLIK DEFENDANTS, and eventually sending threatening and inflammatory emails to Plaintiff.

44. Plaintiff had CHOI reply to WARVALE's emails reiterating the agreement that the two (2) containers of goods could only be released to the GLIK DEFENDANTS upon full payment for both containers.

45. On or about June 16, 2023, CHOI, WARVALE, and the GLIK DEFENDANTS conspired to release the goods to the GLIK DEFENDANTS without the consent of the Plaintiff.

46. On or about June 16, 2023, CHOI and WARVALE released the goods to the GLIK DEFENDANTS without the consent of the Plaintiff, and the GLIK DEFENDANTS, knowingly accepted the goods without providing cash upon delivery.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(As Against the GLIK DEFENDANTS)**

47. The Plaintiff, EMPIRE WORLDWIDE LOGISTICS, LLC, repeats, reiterates and re-alleges each and every allegation set forth in the above paragraphs with the same force and effect as if set forth herein at length.

48. Between December 6, 2022 and May 26, 2023, the GLIK DEFENDANTS were the owners, exporters, shippers, and/or consignees of a shipment of goods for which proper HBL and freight bills were issued by or on behalf of the Plaintiff, EMPIRE WORLDWIDE LOGISTICS, LLC.

49. These shipments were transported between United States and foreign

1 ports on board vessels contracted by the Plaintiff, EMPIRE WORLDWIDE
2 LOGISTICS, LLC, to buy services from an ocean carrier owned for which freight
3 charges in the total amount of $40,785.17 lawfully were incurred pursuant to the
4 aforesaid tariff and contracts of carriage.

5    50.   As a direct result of the aforesaid carriages, the GLIK DEFENDANTS
6 agreed and otherwise became bound to pay the ocean freight and related charges in the
7 total amount of $40,785.17 together with interest thereon at the legal rate.

8    51.   The Plaintiff, EMPIRE WORLDWIDE LOGISTICS, LLC, has
9 demanded payment of the outstanding ocean freight charges from the GLIK
10 DEFENDANTS but the freight charges have not been paid.

11    52.   The Plaintiff, EMPIRE WORLDWIDE LOGISTICS, LLC, has
12 performed each and all its obligations, actual and implied, arising pursuant to its
13 contracts with the Defendants and imposed by law.

14    53.   The Plaintiff, EMPIRE WORLDWIDE LOGISTICS, LLC, is entitled to
15 attorney's fees and costs incurred in collecting sums due the Plaintiff, EMPIRE
16 WORLDWIDE LOGISTICS, LLC, or if any action is necessary, to enforce the terms
17 of the contract. The Plaintiff, EMPIRE WORLDWIDE LOGISTICS, LLC, herein has
18 engaged the services of a law firm to enforce the terms of the contract and is entitled
19 to recover reasonable fees in an amount according to proof at trial.

20    54.   That by reason of the foregoing, the Plaintiff is entitled to the sum of
21 $40,785.17 for their outstanding balance in connection with services provided to the
22 GLIK DEFENDANTS.
23 \\
24 \\
25 \\
26 \\
27 \\
28

## SECOND CAUSE OF ACTION
## QUANTUM MERUIT/SERVICES RENDERED
### (As Against the GLIK DEFENDANTS)

55. The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the above paragraphs with the same force and effect as if set forth herein at length.

56. As alleged herein, the GLIK DEFENDANTS, requested and received, by words and conduct, ocean carriage and attendant services which benefited them.

57. Plaintiff performed the services as requested.

58. The GLIK DEFENDANTS have not paid Plaintiff for those services.

59. The reasonable value of such services is at least $40,785.17.

60. That by reason of the foregoing, the Plaintiff is entitled to the sum of $40,785.17 for their outstanding balance in connection with services provided to the GLIK DEFENDANTS.

## THIRD CAUSE OF ACTION
## ACCOUNT STATED
### (As Against the GLIK DEFENDANTS)

61. The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the above paragraphs with the same force and effect as if set forth herein at length.

62. Between December 6, 2022 and May 26, 2023, the Plaintiff entered into a contract with the GLIK DEFENDANTS, and the Plaintiff agreed to and did perform certain services for the GLIK DEFENDANTS and the GLIK DEFENDANTS promised to pay the Plaintiff the fair and reasonable value of such services.

63. According to the parties' agreement, the GLIK DEFENDANTS have an unpaid balance for services provided by the Plaintiff in the amount of $40,785.17.

1   64.     Plaintiff mailed and or emailed the GLIK DEFENDANTS statements in
2   the amount of $40,785.17 for services rendered by the Plaintiff on behalf of the GLIK
3   DEFENDANTS. The GLIK DEFENDANTS never objected to the services or
4   monetary value for the services provided in these statements.
5   65.     The GLICK DEFENDANTS have a balance due and payable to the
6   Plaintiff in the amount of $40,785.17 for services provided to the GLIK
7   DEFENDANTS.
8   66.     The Plaintiff has demanded the balance due from the GLIK
9   DFENDANTS, but no part has yet been paid.
10  67.     Therefore, the balance due for services rendered to the GLIK
11  DEFENDANTS is the sum of $40,785.17 for which the Plaintiff has demanded but
12  the GLIK DEFENDANTS have refused to pay.
13  68.     That by reason of the foregoing, the Plaintiff is entitled to the sum of
14  $40,785.17 for their outstanding balance in connection with services provided to
15  the GLIK DEFENDANTS.

## FOURTH CAUSE OF ACTION
## UNPAID FREIGHT & CHARGES – SHIPPING ACT
### (As Against the GLIK DEFENDANTS)

19  69.     The Plaintiff repeats, reiterates and re-alleges each and every allegation
20  set forth in the above paragraphs with the same force and effect as if set forth herein at
21  length.
22  70.     The Plaintiff rendered services as a non-vessel operating common
23  carrier (NVOCC) pursuant to the Shipping Act and otherwise and is obligated by law
24  to charge and collect for same.
25  GLIK DEFENDANTS received NVOCC services from the Plaintiff and is obligated
26  by law to pay for same.

13

**COMPLAINT**

71. In breach of their obligations under law including the Shipping Act, the GLIK DEFENDANTS have failed to timely pay Plaintiff numerous outstanding invoices for freight and other charges duly owed.

72. Plaintiff has been damaged accordingly, in excess of $40,785.17 according to proof.

73. That by reason of the foregoing, the Plaintiff is entitled to the sum of $40,785.17 for their outstanding balance in connection with services provided to the GLIK DEFENDANTS.

## FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT
**(As Against the GLIK DEFENDANTS)**

74. The Plaintiff repeats, reiterates, and re-alleges each and every fact as contained in above paragraphs inclusive of this complaint.

75. Between December 6, 2022 and May 26, 2023, the Plaintiff entered into a contract with the GLIK DEFENDANTS and the Plaintiff agreed to and did perform certain services for the GLIK DEFENDANTS and the GLIK DEFENDANTS promised to pay the Plaintiff the fair and reasonable value of such services.

76. As a result of the Plaintiff performing certain services, the GLIK DEFENDANTS received goods such as furniture and sold this furniture in exchange for US Currency.

77. The GLIK DEFENDANTS have been unjustly enriched by Plaintiff performing certain services at the request of the GLIK DEFENDANTS to the detriment of the Plaintiff which violates the fundamental principles of justice, equity, and good conscience and should not be permitted by this court.

78. The Plaintiff is entitled to receive compensation for performing such certain services in the amount of $40,785.17 which is the reasonable value for such services.

79.     As a result of the Plaintiff performing certain services by the request of the GLIK DEFENDANTS, and the GLIK DEFENDANTS have unjustly enriched themselves as alleged above, and because the GLIK DEFENDANTS are in possession of money that belongs to Plaintiff, the GLIK DEFENDANTS must compensate Plaintiff in the amount of $40,785.17.

## SIXTH CAUSE OF ACTION

## FRAUDULENT CONVEYANCE/CAL. CIV. CODE § 3439

**(As Against the GLIK DEFENDANTS)**

80.     The Plaintiff repeats, reiterates, and re-alleges each and every fact as contained in above paragraphs inclusive of this complaint.

81.     Upon information and belief, the GLIK DEFENDANTS, and each of them transferred assets and/or incurred obligations to one or more other of the GLIK DEFENDANTS.

82.     Upon information and belief, such transfer was intended to hinder, delay or defraud Plaintiff.

83.     In addition, and in the alternative, such transfer was made without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the GLIK DEFENDANTS were engaged in transactions for which the remaining assets were unreasonably small in relation to the transaction and/or intended/likely to incur debts beyond the ability of the GLIK DEFENDANTS to pay them as they became due.

84.     Plaintiff has been damaged accordingly including, but not limited to, the alleged inability of one or more of the GLIK DEFENDANTS to pay the amounts due hereunder.

85.     The GLIK DEFENDANTS, in having made fraudulent transfers in order to avoid paying their debts, including those debts owed to Plaintiff, was done with oppression, fraud, and malice and with the intent to harm Plaintiff in conscious

1 disregard to Plaintiff's rights, justifying an award of punitive and exemplary damages
2 against the GLIK DEFENDANTS.

3     86. As such Plaintiff requests that this Court set aside all fraudulent transfers
4 or otherwise grant suitable relief.

## SEVENTH CAUSE OF ACTION
## BREACH OF CONTRACT
**(As Against Defendant WARVALE Only)**

87. The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the above paragraphs with the same force and effect as if set forth herein at length.

88. On or about May 31, 2023, the defendant, WARVALE contracted with the Plaintiff not to release the goods to the GLIK DEFENDANTS without the consent of the Plaintiff.

89. On or about June 16, 2023, the GLIK DEFENDANTS, defendant CHOI and Defendant WARVALE conspired to breach the contract to release two containers of goods to the GLIK DEFENDANTS without the consent of the plaintiff.

90. On or about June 16, 2023, Defendant WARVALE, released the goods to the GLIK DEFENDANTS without the consent of the Plaintiff in breach of contract.

91. The Plaintiff has performed each and all its obligations, actual and implied, arising pursuant to its contracts with WARVALE and imposed by law.

92. The Plaintiff is entitled to attorney's fees and costs incurred in collecting sums due Plaintiff, or if any action is necessary, to enforce the terms of the contract. The Plaintiff herein has engaged the services of a law firm to enforce the terms of the contract and is entitled to recover reasonable fees in an amount according to proof at trial.

93. That by reason of the foregoing, the Plaintiff is entitled to the sum of $40,785.17 from WARVALE for breaching its contract with Plaintiff.

# EIGHTH CAUSE OF ACTION
# INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS
## (As Against GLIK DEFENDANTS and CHOI Only)

94. The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the above paragraphs with the same force and effect as if set forth herein at length.

95. Plaintiff alleges that there was a contract between Plaintiff and WARVALE.

96. The GLIK DEFENDANTS and CHOI knew of said contract.

97. The GLIK DEFENDANTS and CHOI's conduct prevented performance or made performance more expensive or difficult.

98. The GLIK DEFENDANTS and CHOI intended to disrupt the performance of this contract, or in the alternative, knew that disruption of performance was certain or substantially certain to occur.

99. As a result, Plaintiff was harmed in that WARVALE breached its contract with Plaintiff, causing monetary harm to Plaintiff.

100. The GLIK DEFENDANTS' and CHOI's conduct was a substantial factor in causing Plaintiff's harm.

101. That by reason of the foregoing, the Plaintiff is entitled to the sum of $40,785.17 from the GLIK DEFENDANTS and CHOI for their intentional interference with Plaintiff's contract with WARVALE.

\\
\\
\\
\\
\\
\\

WHEREFORE, Plaintiff prays as follows for all causes of action:

    i.    As and for a First Cause of Action, for a judgment to be entered in favor of the Plaintiff for the total amount of $40,785.17 together with prejudgment interest at the legal rate;

    ii.    As and for a Second Cause of Action, for a judgment to be entered in favor of the Plaintiff for the total amount of $40,785.17 together with prejudgment interest at the legal rate;

    iii.    As and for a Third Cause of Action, for a judgment to be entered in favor of the Plaintiff for the total amount of $40,785.17 together with prejudgment interest at the legal rate;

    iv.    As and for a Fourth Cause of Action, for a judgment to be entered in favor of the Plaintiff for the total amount of $40,785.17 together with prejudgment interest at the legal rate;

    v.    As and for a Fifth Cause of Action, for a judgment to be entered in favor of the Plaintiff for the total amount of $40,785.17 together with prejudgment interest at the legal rate;

    vi.    As and for a Sixth Cause of Action, for a judgment to be entered in favor of the Plaintiff for the amount of $40,785.17, plus punitive and exemplary damages, and prejudgment interest at the legal rate;

    vii.    As and for a Seventh Cause of Action, for a judgment to be entered in favor of the Plaintiff for the amount of $40,785.17 and prejudgment interest at the legal rate;

    viii.    As and for an Eighth Cause of Action, for a judgment to be entered in favor of the Plaintiff for the amount of $40,785.17, plus prejudgment interest at the legal rate;

     ix.    Set aside all fraudulent transfers and/or grant other relief, including injunctive or equitable relief, so as to prevent the GLIK DEFENDANTS from escaping debts by unfair means;

     x.    For the Defendants to be ordered to pay reasonable attorney's fees, along with pre- and post-judgment interest; and

     xi.    For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

DATED: October 6, 2023    LAW OFFICE OF MARGARET A. SEDY

By: /s/ Margaret A. Sedy
    Margaret A. Sedy, Esq.
    *Attorneys for Plaintiff*
    9171 Wilshire Boulevard, Suite 500,
    Beverly Hills, California 90210
    (310) 893-5509

Dated: October 6, 2023    THE CASSAR LAW FIRM, P.C.

/s/ Christopher J. Cassar*
By: Christopher J. Cassar*
The Cassar Law Firm, P.C.
13 East Carver Street
Huntington, New York 11743
Telephone: 631-271-6596
Facsimile: 631-351-0196
Email cjcassar@cassarlaw.com
*pro hac vice application forthcoming
*Attorneys for Plaintiff*